Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHARMING BEATS LLC,                    Case No.: 23-cv-605

                          Plaintiff,             **ECF CASE**

                v.                         **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

11 HEALTH AND TECHNOLOGIES INC.,

                          Defendant.
------------------------------------------------------------------x

      Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendant 11 HEALTH AND TECHNOLOGIES INC., ("11HEALTH"), for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

      1.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

**SPECIFIC JURISDICTION**

2. Plaintiff is the sole owner of the copyrighted recording and composition *Age of Wonder* – U.S. Copyright Registration No. SR 713-231 (the "Copyrighted Track").

3. Defendant is incorporated in Delaware and headquartered in California.

4. Defendant, without license or authority, reproduced, distributed, publicly displayed and synchronized plaintiff's Copyrighted Track.

5. Defendant's infringing acts are torts committed out of state.

6. Defendant generates significant income from interstate and international commerce.

7. Defendant continued to infringe, after notice, knowing that plaintiff resides, and was injured, in this Judicial District.

8. This Court has jurisdiction over defendant pursuant to CPLR 302(a)(3)(ii).

**VENUE**

9. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1)-(3).

**DUE PROCESS**

10. There are no due process concerns for defendant in light of the fact that defendant committed an intentional tort that it knew would have an effect in this Judicial District.

**PARTIES**

11. Plaintiff CHARMING BEATS LLC is a limited liability company existing and organized under the laws of the State of Florida with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

12. Upon information and belief, defendant 11 HEALTH AND TECHNOLOGIES INC. ("11HEALTH") is a corporation organized and existing under the laws of the State of California and maintains its principal place of business at 8 Hughes, STE 200, Irvine, CA 92618. Defendant may be served through its agent Oliver Joseph Braundwalder, 11 Health and Technologies Inc., 8 Hughes, STE 200, Irvine, CA 92618.

## FACTS

13. Plaintiff is the sole beneficial owner by assignment of an original musical composition and recording titled *Age of Wonder* – U.S. Copyright Registration No. SR 713-231 (the "Copyrighted Track"). See **Exhibit 1.**

14. The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

15. Defendant created a video advertisement titled "Our Story" (the "infringing Advertisement").

16. Defendant, without license or authority, reproduced, publicly displayed, and synchronized the Copyrighted Track to the Infringing Advertisement.

17. Defendant distributed the Infringing Advertisement to YouTube, and publicly displayed the Infringing Video on its YouTube page located at <www.youtube.com/watch?v=484sNxJRX8E>.

18. At no time did the defendant have the right to use the Copyrighted Track in any manner.

19. As a direct and proximate result of defendant's acts of infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and

reasonable attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000 plus costs, interest, and reasonable attorneys' fees.

## NOTICE

20. On or about December 22, 2022, plaintiff served a cease-and-desist on defendant. See **Exhibit 2**.

21. Defendant elected to ignore the notice.

22. Previously, defendant was informed by YouTube that the musical content in the Infringing Advertisement belonged to plaintiff.

23. Defendant elected to ignore the YouTube notice.

24. On December 27, 2022, plaintiff served a draft copy of this Complaint and a further demand to cease-and desist. See **Exhibit 3**.

25. From December 27, 2022 to January 24, 2027, defendant was served with three additional demands to cease-and-desist, and a draft copy of the within Complaint was sent to defendant twice.

26. Defendant elected to ignore every demand to cease-and-desist and continued to infringe,

27. As of the date of this Complaint, the Infringing Advertisement is still publicly available on defendant's YouTube page.

28. Defendant's failure to comply with the separate notices from YouTube, plaintiff, and plaintiff's counsel evidences its intent to infringe.

29. The callous disregard the defendant has for its legal responsibilities can only be addressed by an award at the top of the statutory scale.

## DUE DILIGENCE

30. Until in or around April 2020, plaintiff conducted numerous searches of YouTube each year, with the help of a third-party, looking for unlicensed uses of its copyrighted recordings and compositions. The defendant's Infringing Advertisement did not appear in any of the prior searches.

31. In April 2020, plaintiff retained a new agent to search YouTube for unlicensed content.

32. The Infringing Advertisement did not appear in any report until Decemeber 2022.

## DMCA VIOLATIONS

33. Defendant removed and failed to include the copyright management information ("CMI") associated with the Copyrighted Track. Specifically, the Infringing Advertisement omits the Copyrighted Track's title, album name, author, label, and copyright owner.

34. Defendant removed the CMI with the intent to conceal its infringing conduct.

35. Defendant's removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA.

36. Defendant refused to include the CMI despite numerous notices. This is a separate violation of 17 U.S.C. § 1202.

37. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus its reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

38. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

39. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

40. Defendant, without authority from plaintiff, reproduced, publicly displayed, and/or synchronized plaintiff's Copyrighted Track, in its entirety, to the Infringing Advertisement.

41. Defendant created and displayed the Infringing Advertisement for the sole purpose of advertising its events with the intent to generate additional income.

42. Defendant refused to cease and desist after multiple demands from YouTube, plaintiff directly, and plaintiff's counsel.

43. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

44. Defendant's use was not transformative.

45. Defendant elected to reproduce, synchronize, and/or distribute plaintiff's Copyrighted Track, using the entirety of the track, without a license.

46. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000 plus costs, interest, and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201, et seq.

47. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

48. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with copyright management information including the title, author, label, and copyright owner.

49. Defendant could not have obtained a copy of the master recording for the Copyrighted Track without this information.

50. Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the infringing use at issue here.

51. A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

52. Defendant's Infringing Advertisement is synchronized to a very high-resolution copy of the Copyrighted Track. This high-resolution version cannot be obtained without copyright management information being included.

53. Defendant removed plaintiff's CMI, and then copied, synchronized, publicly displayed, and distributed the Copyrighted Track.

54. Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track after multiple notices.

55. Defendant did the forgoing with the intent to conceal the infringement.

56. Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement.

57. Defendant violated the DMCA by failing to correct the CMI after multiple notices.

58. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000 plus its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: January 27, 2023`  
New York, New York

**GARBARINI FITZGERALD P.C.**

By: _Richard M. Garbarini_  
Richard M. Garbarini (RG 5496)